**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Alvarado, ) | CV 14-2066-TUC-LAB |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America; U.S. Border Patrol ) | |
| Agent M. Jarmon N235, in his individual and ) | |
| official capacity; U.S. Border Patrol Agent R. ) | |
| Husted N422, in his individual and official ) | |
| capacity; and U.S. Border Patrol Agent A. Rowe ) | |
| N538, in his individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the court is the defendants' motion to dismiss pursuant to Fed.R.Civ.P 12(b)(5), filed on January 12, 2015, for failure to properly serve the United States. (Doc. 14) In the alternative, the defendants argue the complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(1) and 12(b)(6). (Doc. 14)

The plaintiff in this action, Mario Alvarado, claims his civil rights were violated when he was stopped and detained at a U.S. Border Patrol Checkpoint on Interstate 19. He alleges was detained for eight hours even though no drugs were ever found in his vehicle.

In the pending motion, the defendants argue the complaint should be dismissed because the plaintiff failed to properly serve the United States. They further argue the complaint fails to state a proper *Bivins* claim or a proper claim under the Federal Tort Claims Act.

Magistrate Judge Bowman presides over this action having received the written consent of all parties. (Doc. 24)

The motion to dismiss will be granted in part. Alvarado failed to properly serve the United States, but the court will extend the time for service in the interests of justice. Upon

1    construing the complaint in the light most favorable to the nonmovant, the court concludes that

2    Counts 1, 2, and 4 state proper claims.  Count 3, however, fails to state a cognizable claim under

3    the Federal Tort Claims Act.

4

5    <u>Background</u>

6        In his complaint, Alvarado describes several run-ins he has had with U.S. law

7    enforcement.  (Doc. 1)  The first occurred on July 2, 2012, when he entered the country from

8    Mexico.  *Id*.  While driving north on Interstate 19, Alvarado was stopped and detained at a U.S.

9    Border Patrol checkpoint.  *Id*.  A drug-detection dog "allegedly alerted to the presence of illegal

10    substances," and the defendant agents, Jarmon, Husted, and Rowe, sent him to the secondary

11    inspection station.  *Id*.  They did not find any drugs, but they held him for eight hours before

12    releasing him.  *Id*.  At one point, the agents summoned an Arizona Department of Public Safety

13    officer to the scene.  *Id*.  That officer cited Alvarado with providing false information to law

14    enforcement and possession of an open container within the passenger compartment of a motor

15    vehicle on a public highway.  *Id*.

16        Alvarado again entered the United States from Mexico on August 20, 2012.  *Id*.  He was

17    again detained at the Border Patrol checkpoint for an extended period of time "when the Border

18    Patrol dog allegedly alerted to the presence of illegal substances."  *Id*.  Alvarado does not

19    identify the agents that detained him.  *Id*.

20        On August 30, 2012, a Border Patrol internal affairs investigator went to Alvarado's

21    home hoping to speak with him.  *Id*.  Alvarado was not home at the time, but his wife later

22    called the Border Patrol and spoke with an Agent Serrano.  *Id*.  The agent said he was

23    investigating a matter concerning  Border Patrol agents and Alvarado.  *Id*.  Serrano, however,

24    would not discuss the matter with anyone but Alvarado, and Alvarado was not willing to speak

25    with him.  *Id*.

26        One month later on September 23, 2012, Alvarado was detained at the Port of Entry for

27    one hour.  *Id*.  He was arrested and handcuffed because a computer code indicated he was armed

28                                        - 2 -

1   and dangerous.  *Id.*  When the computer was checked again, a different code appeared, and
2   Alvarado was released.  *Id.*  Alvarado does not identify the agents involved.  *Id.*

3          On November 2, 2012, Alvarado was again stopped and detained at the Border Patrol
4   checkpoint on Interstate 19.  *Id.*  Alvarado alleges he was assaulted by Border Patrol agents and
5   suffered a broken toe.  *Id.*  He was transported to a hospital in Nogales, Arizona.  *Id.*  He was
6   later taken to the Border Patrol station and released.  *Id.*  Alvarado does not identify the agents
7   involved.  *Id.*

8          On May 1, 2014, Alvarado filed a complaint in this court claiming the defendants'
9   actions violated his civil rights.  Counts 1 and 2 are brought pursuant to *Bivins v. Six Unknown*
10  *Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Counts 2 and 3 are brought
11  pursuant to the Federal Tort Claims Act.

12         In Count 1, Alvarado claims the individual defendants violated his Fourth Amendment
13  rights.  *Id.*  In Count 2, he claims the individual defendants engaged in a conspiracy to deprive
14  him of his civil rights.  *Id.*  In Count 3, he claims the individual defendants assaulted him.  In
15  Count 4, he claims the individual defendants falsely imprisoned him.  *Id.*

16         On January 12, 2015, the defendants brought the pending motion to dismiss pursuant to
17  Fed.R.Civ.P 12(b)(5).  (Doc. 14)  They argue Alvarado failed to properly serve the United
18  States.  In the alternative, the defendants argue the case should be dismissed pursuant to
19  Fed.R.Civ.P 12(b)(1) and 12(b)(6).  (Doc. 14)

20

21         Discussion: Service

22         In their motion to dismiss, the defendants argue Alvarado failed to properly serve the
23  United States pursuant to Fed.R.Civ.P. 4(i)(1)(A) and dismissal is appropriate pursuant to
24  Fed.R.Civ.P. 12(b)(5).

25         Under Rule 12(b)(5), if service of process was insufficient, the court has broad discretion
26  to dismiss an action or retain jurisdiction and extend the time for service.  *Ross v. Snohomish*
27  *County*,  2014 WL 371652, 2 (W.D.Wash. 2014).  Under Rule 4(m), the court *must* extend the

28

1  time for service if the defendant can show good cause for the failure to serve and *may* extend

2  the time even without such a showing. *See Cook v. U.S.*, 2009 WL 2503644 (D. Idaho. 2009).

3      In this case, the defendants argue Alvarado failed to properly serve the United States

4  pursuant to Fed.R.Civ.P. 4(i)(1)(A). Specifically, they maintain Alvarado failed to "deliver[]

5  or send[] a copy of the complaint and summons to the United States Attorney for the District

6  of Arizona," which is the first part of the two-part service rule applicable to the United States.

7  (Doc. 14, p. 4) It appears Alvarado did comply with the second part of the two-part service rule

8  by mailing a copy of the summons and complaint to the Attorney General, pursuant to

9  Fed.R.Civ.P.4(i)(1)(B). (Doc. 5, p. 1) The United States obviously has the complaint in hand.

10     In his response, Alvarado states that he thought he complied with Rule 4(i)(1)(A), but

11  if he did not "it was a mere oversight." (Doc. 19, p. 2) He concedes there was "some confusion

12  in Plaintiff's counsel's office." *Id.* He has provided no proof of service in accordance with the

13  Rules.

14     The court finds Alvarez failed to comply with Rule 4(i)(1)(A). The court further finds

15  that the cause of this failure was attorney error which does not constitute good cause. *Ross v.*

16  *Snohomish County*, 2014 WL 371652, 2 (W.D.Wash. 2014).

17     Nevertheless, the court concludes that dismissal is not appropriate. *See Umbenhauer v.*

18  *Woog*, 969 F.2d 25, 30 (3rd Cir. 1992) ("[D]ismissal of a complaint is inappropriate when there

19  exists a reasonable prospect that service may yet be obtained."). The United States received

20  actual notice of the lawsuit and has suffered no prejudice from the delay. In addition, it appears

21  that the statue of limitations on Alvarado's claims might have already run. *See Cholla Ready*

22  *Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). The court will, in the exercise of

23  discretion, extend the time for completing service. *See Efaw v. Williams*, 473 F.3d 1038, 1041

24  (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule

25  4(m).").

26

27

28                                                    - 4 -

1    The defendants argue in the alternative that the complaint fails to state cognizable claims

2    under either *Bivins* or the Federal Tort Claims Act.  Accordingly, they argue the complaint

3    should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1).

4

5    Discussion: *Bivins*

6    In Count 1 of the complaint, Alvarado claims the individual defendants violated his

7    Fourth Amendment rights.  (Doc. 1)  In Count 2, he claims the individual defendants engaged

8    in a conspiracy to deprive him of his civil rights.  *Id*.  Counts 1 and 2 are brought pursuant to

9    *Bivins v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  *Id*.  The

10   defendants argue Alvarado has failed to present a proper *Bivins* claim and dismissal is

11   appropriate pursuant to Fed.R.Civ.P. 12(b)(6).  (Doc. 14)

12   "A Rule 12(b)(6) motion tests the legal sufficiency of the claim."  *Cook v. Brewer*, 637

13   F.3d 1002, 1004 (9th Cir. 2011).  The claim must allege a legally cognizable theory of relief and

14   include factual allegations sufficient to support that theory.  *Hinds Investments, L.P. v. Angioli*,

15   654 F.3d 846, 850 (9th Cir. 2011).

16   "All allegations of material fact in the complaint are taken as true and construed in the

17   light most favorable to the nonmoving party."  *Clegg v. Cult Awareness Network*,  18 F.3d 752,

18   754 -755 (9th Cir. 1994).  "However, the court is not required to accept legal conclusions cast

19   in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts

20   alleged."  *Id*.

21   To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right

22   to relief above the speculative level . . . on the assumption that all the allegations in the

23   complaint are true even if doubtful in fact."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

24   127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted).  "[A] well-pleaded complaint may

25   proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that

26   a recovery is very remote and unlikely."  *Id.* at 556, 1965 (internal punctuation omitted).

27

28

The defendants argue first that Counts 1 and 2 fail to state proper *Bivins* claims because a *Bivins* claim must be brought against the agents in their *individual* capacities, but the complaint effectively sues them only in their *official* capacities. (Doc. 14) The defendants base this argument on a paragraph in the complaint in which Alvarado states the agents harmed him "while acting in their capacity as law enforcement officers and governmental agents of the United States of America." (Doc. 14, p. 7) (citing (Doc. 1, ¶ 1)) This paragraph, they argue, indicates that Counts 1 and 2 are brought against the agents in their official capacities. (Doc. 14)

The defendants are correct when they state that a *Bivins* claim must be brought against the agents in their individual capacities. *Nurse v. U.S.*, 226 F.3d 996, 1004 (9th Cir. 2000). The court, however, disagrees with their reading of the complaint.

Alvarado states in the caption of the complaint that the agents are being sued in their "individual and official" capacities. (Doc. 1, p. 1) This reference to the agents' "individual" capacities must relate to Counts 1 and 2 because it has no application to Counts 3 and 4, which are brought pursuant to the Federal Tort Claims Act. The complaint further states that the agents "personally participated in the constitutional deprivations." (Doc. 1, p. 2) Finally, the court notes that Counts 1 and 2 allege that the agents intentionally engaged in unconstitutional activities, which would be contrary to their officially sanctioned duties. Construing the complaint in the light most favorable to the nonmovant, the court concludes that the agents are being sued in their *individual* capacities in Counts 1 and 2. *See, e.g., Nurse v. U.S.*, 226 F.3d 996, 1004 (9th Cir. 2000) (reversing the trial court's dismissal of the plaintiff's *Bivins* claims where the complaint "purports to sue the individual defendants in both their individual and official capacities.").

The court concludes that the phrase "while acting in their capacity as law enforcement officers and governmental agents of the United States of America" was inserted in the complaint to bolster Counts 3 and 4. *See* (Doc. 1, ¶ 1) These counts allege jurisdiction pursuant to the Federal Tort Claims Act, which "provides a limited waiver of the sovereign immunity of the

1    United States for torts committed by federal employees acting within the scope of their

2    employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

3          The defendants further argue Counts 1 and 2 should be dismissed because the agents are

4    entitled to qualified immunity.

5          "Qualified immunity shields an officer from suit when [he] makes a decision that, even

6    if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he]

7    confronted." *Brosseau v. Haugen*,  543 U.S. 194, 198, 125 S.Ct. 596, 599 (2004).  An officer

8    is not entitled to qualified immunity if (1) "taken in the light most favorable to the party

9    asserting the injury, the facts alleged show the officer's conduct violated a constitutional right"

10   and (2) "the right violated was clearly established such that it would be clear to a reasonable

11   officer that his conduct was unlawful in the situation he confronted." *Davis v. City of Las*

12   *Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007) (internal punctuation omitted).  The court concludes

13   that the complaint, construed in the light most favorable to the nonmovant, alleges a claim for

14   which the individual defendants are not entitled to qualified immunity.

15         Alvarado alleges he was seized at the checkpoint when the dog alerted to the presence

16   of drugs.  The vehicle was searched and no drugs were found.  Nevertheless, Alvarado was

17   detained for eight hours.  The complaint alleges that there came a time, after the fruitless search

18   for drugs, when it would have been clear to a reasonable officer that there were no drugs in the

19   vehicle and probable cause to hold Alvarado no longer existed.  At this point, however, the

20   defendants continued to hold Alvarado.  It is clearly established that a person "may not be

21   arrested, or *must be released from arrest*, if previously established probable cause has

22   dissipated." *U.S. v. Ortiz-Hernandez*,  427 F.3d 567, 574 (9th Cir. 2005)  (emphasis added).

23   The complaint, construed in the light most favorable to the nonmovant, alleges a claim for

24   which the individual defendants are not entitled to qualified immunity.

25         The defendants further argue Count 1 fails to specify what each individual defendant did,

26   or failed to do. (Doc. 14)  They further argue the complaint fails to specify how the individual

27   defendants violated Alvarado's Fourth Amendment rights. *Id.*

28                                              - 7 -

1    The court finds that Count 1, construed in the light most favorable to the nonmovant,

2    sufficiently informs the defendants of what they did or did not do to violate his civil rights.  On

3    July 2, 2012, they held Alvarado and his vehicle after probable cause had dissipated in violation

4    of his Fourth Amendment rights.  The court agrees with the defendants that the allegations in

5    the complaint do not support an inference that the individual defendants violated his Fourth

6    Amendment rights on any other date.

7    The court further finds that Count 2, sufficiently states a claim that the individual

8    defendants conspired to violate his Fourth Amendment rights by holding him and his vehicle

9    after probable cause had dissipated on July 2, 2012.  The court agrees with the defendants that

10    the allegations in the complaint do not support Alvarado's implication that this conspiracy

11    extended beyond that date.

12

13    Discussion: Federal Tort Claims Act

14    The defendants further argue Counts 3 and 4 fail to state proper claims under the Federal

15    Tort Claims Act.  (Doc. 14)  Accordingly, they move that the court dismiss those counts

16    pursuant to Fed.R.Civ.P. 12(b)(1).  *Id.*

17    A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over the claim.

18    Fed.R.Civ.P.  When analyzing a facial challenge to the court's jurisdiction, the court accepts

19    as true the factual allegations contained in the complaint and draws all reasonable inferences

20    in the plaintiff's favor.  *Doe v. Holy See*,  557 F.3d 1066, 1073 (9th Cir. 2009).  Because federal

21    courts are courts of limited jurisdiction, the party invoking the jurisdiction of the court has the

22    burden of proof.  *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.,*  594 F.2d 730,

23    733 (9th Cir. 1979).  Here, Alvarado claims this court has jurisdiction over Claims 3 and 4

24    pursuant to the Federal Tort Claims Act.  (Doc. 1)

25    The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq., "provides a

26    limited waiver of the sovereign immunity of the United States for torts committed by federal

27    employees acting within the scope of their employment."  *Nurse v. United States*, 226 F.3d 996,

28                                         - 8 -

1   1000 (9ᵗʰ Cir. 2000).  The government accepts liability "under circumstances where the United

2   States, if a private person, would be liable to the claimant in accordance with the law of the

3   place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

4       In Count 3, Alvarado claims the individual defendants assaulted him.  (Doc. 1)  The

5   defendants argue the complaint fails to state facts to support this count.  (Doc. 14)  They are

6   correct.  In the body of the complaint, Alvarado describes a single assault when he suffered a

7   broken toe on November 2, 2012.  He does not, however, allege any facts from which it could

8   be inferred that the individual defendants were the ones who assaulted him.  Count 3 does not

9   state a claim under the FTCA.

10      In Count 4, Alvarado claims the individual defendants falsely imprisoned him.  (Doc.

11  1)  The defendants argue the complaint fails to state facts in support of this count.  (Doc. 14)

12  The court does not agree.

13      False imprisonment is "the detention of a person without his consent and without lawful

14  authority."  *Cullison v. City of Peoria*, 120 Ariz. 165, 169, 584 P.2d 1156, 1160 (1978).  Here,

15  Count 4 alleges the individual defendants detained Alvarado on July 2, 2012 after probable

16  cause had dissipated.  The allegations in the complaint support a claim for false imprisonment.

17  The court agrees with the defendants that the allegations in the complaint do not support

18  Alvarado's implication that the individual defendants falsely imprisoned him on any other date.

19

20      IT IS ORDERED that the defendants' motion  to dismiss, filed on January 12, 2015, is

21  granted in part.  (Doc. 14)

22      The deadline for service is extended to April 13, 2015.

23      Count 3 of the complaint is dismissed pursuant to Fed.R.Civ.P 12(b)(1).

24  DATED this 19ᵗʰ day of March, 2015.

25  _Leslie A. Bowman_

26                          Leslie A. Bowman

27                          United States Magistrate Judge

28  - 9 -